Michael B. Chester, Esq.
SKARZYNSKI BLACK, LLC
One Battery Park Plaza – 32nd Floor
New York, New York 10004
Telephone: (212) 820-7750
Facsimile: (212) 820-7740
**Attorneys for Interpleader-Plaintiff**
**XL Specialty Insurance Company**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
XL SPECIALTY INSURANCE COMPANY,        )
                                       )   17-cv-02867 (JSR)
            Interpleader-Plaintiff,    )
                                       )
       -against-                       )   [PROPOSED] ORDER AND
                                       )   FINAL JUDGMENT FOR
ALBERT HALLAC, JEFFREY HALLAC, KEITH   )   DISBURSEMENT OF THE
WELLNER, WESTON FINANCIAL SERVICES     )   INTERPLEADED FUNDS
LLC, WESTON CAPITAL MANAGEMENT LLC,    )
WESTON CAPITAL ASSET MANAGEMENT        )
LLC,                                   )
                                       )
            Interpleader-Defendants,   )
                                       )
       -against-                       )
                                       )
WIMBLEDON FINANCING MASTER FUND,       )
LTD.                                   )
                                       )
            Intervenor-Defendant.      )
                                       )
------------------------------------------------------------x

WHEREAS, XL Specialty Company ("XL Specialty") filed this interpleader action on April 20, 2017 (the "Interpleader Action");

WHEREAS, in connection with the Interpleader Action, XL Specialty deposited $799,759.11, which is the remaining limit of a liability insurance policy issued to Weston Capital Management LLC number ELU125328-12 (Docs. 50-1-3) (the "Policy"), into the Disputed Ownership Fund ("DOF") in the Court Registry Investment System ("CRIS") in the Interpleader

Action (the "Interpleaded Funds"), and seeks a ruling discharging itself from any further liability relating to the Interpleaded Funds;

WHEREAS, Albert Hallac, Jeffrey Hallac, Keith Wellner, Weston Financial Services LLC, Weston Capital Management LLC, Weston Capital Asset Management LLC (collectively, the "Interpleader-Defendants") and Wimbledon Financing Master Fund, Ltd. (In Official Liquidation) ("Wimbledon" or the "Intervenor-Defendant") have made claims to the Interpleaded Funds;

WHEREAS, the Intervenor-Defendant has entered into a settlement agreement (the "Hallac Settlement Agreement") with Jeffrey Hallac, among others, by which Jeffrey Hallac agreed, *inter alia*, to instruct XL Specialty to pay the Intervenor-Defendant $250,000 as consideration for the settlement and purportedly assigned his claim against XL Specialty for such funds to the Intervenor-Defendant;

WHEREAS, the Court granted the Intervenor-Defendant's request to intervene in the Interpleader Action;

WHEREAS, the Intervenor-Defendant filed a motion to dismiss XL Specialty's complaint for lack of subject matter jurisdiction, which was withdrawn;

WHEREAS, the Court denied the Intervenor-Defendant's motion to have this Court abstain from hearing this matter;

WHEREAS, the Court granted in part and denied in part XL Specialty's motion for a preliminary injunction pursuant to 28 U.S.C. §§1335 and 2361;

WHEREAS, the Court granted in part and denied in part the Interpleader-Defendants' motion for summary judgment as against the Intervenor-Defendant;

WHEREAS, Jeffrey Hallac filed an answer;

WHEREAS, the Interpleader-Plaintiff, the Interpleader-Defendants and the Intervenor-Defendant have reached a global settlement of the this matter, reflected by the terms of the Settlement Agreement dated and filed with this Court on December 27, 2017 (the "Settlement Agreement");

WHEREAS, the Settlement Agreement provides for disbursement of the Interpleaded Funds as follows:

1. The Clerk of Court shall deduct from the investment the authorized fee from the earned income, as authorized by the Judicial Conference and set by the Director of the Administrative Office;

2. $300,000 to Keith Wellner;

3. $32,500 to Haynes and Boone LLP;

4. $15,000 to Huang Ybarra Gelberg & May LLP;

5. $250,000 to Wimbledon in connection with the Hallac Settlement Agreement;

6. The remaining funds plus any accrued interest to Gusrae Kaplan Nusbaum PLLC;

WHEREAS, the Interpleader-Plaintiff, the Interpleader-Defendants and the Intervenor-Defendant request that the Court enter an Order regarding disbursement of the Interpleaded Funds in accordance with the Settlement Agreement;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Settlement Agreement is SO ORDERED and its terms and provisions are incorporated herein.

2. The Clerk of the Court shall disburse the Interpleaded Funds as follows:

    a. The Clerk of Court shall deduct from the investment the authorized fee from the earned income, as authorized by the Judicial Conference and set by the Director of the Administrative Office.

  b. $300,000 by check payable to Keith Wellner and delivered to Holwell Shuster & Goldberg LLP, 750 Seventh Avenue, 26th Floor, New York, New York ~~10025~~ 10019 (Attention: Zach Kerner). [initials: ZK]

  c. $32,500 by check made payable to Haynes and Boone LLP and delivered to Haynes and Boone LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10012 (Attention: Daren R. Domina).

  d. $15,000 by check made payable to Huang Ybarra Gelberg & May LLP and delivered to Huang Ybarra Gelberg & May LLP, 550 South Hope Street, Suite 1850, Los Angeles, California 90071 (Attention: Grant Gelberg).

  e. $250,000 to Wimbledon by check made payable to Kaplan Rice LLP and delivered to Kaplan Rice LLP, 142 West 57th Street, Suite 4A, New York, New York 10019 (Attention: Joseph A. Matteo).

  f. The remaining funds plus any accrued interest by check made payable to Gusrae Kaplan Nusbaum, PLLC and delivered to Gusrae Kaplan Nusbaum PLLC, 120 Wall St., 25th Floor, New York, NY 10005 (Attention: J. Christopher Albanese).

3.  XL Specialty is discharged from any and all liability to the Interpleader-Defendants or the Intervenor-Defendant from any and all claims, demands, rights, liabilities, damages, expenses, fees, potential actions, causes of action, suits, agreements, judgments, decrees and controversies of any kind and nature whatsoever, at law, in equity, or otherwise, whether known or unknown, whether foreseen or unforeseen, patent or latent, which have arisen, are now arising, or might arise in the future with respect to (i) the Policy, (ii) the Interpleader Action, or (iii) the Interpleaded Funds (collectively, the "Released Claims"); provided, however, that XL shall not be discharged from any claim, demand, right, liability, damage, expense, fee, potential action, cause of action, suit, agreement, judgment, decree or controversy of any kind and nature whatsoever, at law, in equity, or otherwise, whether known or unknown, whether foreseen or unforeseen, patent or latent, which has arisen, is now arising, or might arise in the future with respect to the Repayment Requirement (as defined in the Settlement Agreement).

4.      The Interpleader-Defendants and Intervenor-Defendants are hereby permanently and perpetually enjoined from instituting or prosecuting any action or proceeding against XL in any state or federal court or other forum with respect to the Released Claims. For the avoidance of doubt, this injunction does not include claims with respect to the Repayment Requirement (as defined in the Settlement Agreement).

5.      The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

DATED: 2/5/, 2018

New York, NY

SO ORDERED:

_____
Honorable Jed S. Rakoff
United States District Judge